(110 App. Div. 191)

### AIKMAN v. WAHNETAH SILK CO.

(Supreme Court, Appellate Division, Second Department. December 29, 1905.)

1. SALES—BREACH OF CONTRACT—DAMAGES.

Where, in an action for the breach by defendants of their contract to furnish plaintiff's assignors with a certain quantity of printed velours at a stated price, such velours "to be specified for during the next six months," it appeared that the words "specified for" signified the giving of instructions in respect to the printing of the velour, and that the goods could not have been delivered before the lapse of about 60 days after being specified for, a judgment for plaintiff was unauthorized, in the absence of evidence as to the market price of printed velours similar to the goods in controversy on or about the date of expiration of such 60 days.

[Ed. Note.—For cases in point, see vol. 43, Cent. Dig. Sales, § 1175.]

2. SAME—TIME OF DELIVERY.

Where a contract for supplying goods fixes no time for the delivery thereof, the law imports an undertaking to deliver within a reasonable time.

[Ed. Note.—For cases in point, see vol. 43, Cent. Dig. Sales, § 218.]

Appeal from Trial Term, Kings County.

Action by Charles M. Aikman against the Wahnetah Silk Company. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, HOOKER, and MILLER, JJ.

Edward H. M. Roehr, for appellant.

William B. Hurd, Jr., for respondent.

WILLARD BARTLETT, J.   At the close of the trial, the proof was such as to entitle the plaintiff to recover from the defendant such damages as the plaintiff's assignors, the firm of Lusky, White & Coolidge, of Chicago, had sustained by reason of the defendant's failure to deliver to that firm 1,268 pieces of printed velours at the price of 27½ cents a yard.   The learned trial judge directed a verdict for the plaintiff for $1,585 damages, upon the assumption, as clearly appears from the record, that the evidence established a difference of at least 2½ cents a yard between the price agreed upon in the contract as that at which the velours should be purchased and sold, and the market price of such goods at the time when the purchasers were entitled to have the same delivered.   Counsel for the defendant had asked to go to the jury, upon the ground that there was a question of fact as to what was the market price; and he duly excepted to the denial of his request and to the direction of a verdict.   I think that this exception was well taken, for the reason that the case is destitute of evidence as to the market price of printed velours at the period when it was incumbent upon the defendant, under the contract, to make delivery of the 1,268 pieces in question.

The contract contemplated the giving of instructions by the purchaser to the manufacturer to print the material in the desired colors, shades, and combinations, before the manufacturer was expected to do anything in the premises.   It began with a direction from the plaintiff's assignors to the defendant to "enter our order for 2,000 pieces of printed velours, same to be specified for during the next six months."   In the plush trade the words "specified for" have a technical meaning, and signify the giving of instructions in respect to the printing.   It is conceded by the learned counsel for the respondent in his brief that the goods for the nondelivery of which this suit was brought were not "specified for" until October 10, 1903, the proof indicates the 12th. The contract fixes no time for the delivery, hence the law imports an undertaking to deliver within a reasonable time.   The only evidence on this subject in the record shows that 60 days from the date of the receipt of the order or specification for printing would have been a reasonable time within which to deliver the goods.   The agent of the defendant, through whom the contract was made, and whose credibility is attested by the fact that he was called as a witness by both parties, said it would take the mill of the Wahnetah Silk Company perhaps 60 days or two months to print the velours specified in the final order.   "So having received an order or specification on the 10th of October, not all of them could possibly have been delivered before the lapse of about 60 days, on an order of 1,200."

Now if any evidence had been given showing what was the market price of printed velours similar to the goods in controversy on or about

the 10th of December, 1903, there would have been a basis in the proof for the direction of a verdict. But such evidence is wholly wanting. The plaintiff's assignors were not entitled to have the goods delivered until that date, and there is no proof that if they had been then delivered the purchasers would have been any better off than they are now; in other words, there is nothing to show that they suffered any actual damage by reason of the defendant's failure to deliver.

For this defect in the proof we are constrained to reverse this judgment.

Judgment reversed, and new trial granted; costs to abide the event. All concur.